UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TDX POWER SERVICES LLC,

    Plaintiff,

    v.

LOUIS RIGAUD, et al.,

    Defendants.
_____/

No. C 12-4419 PJH

**ORDER RE APPLICATION FOR WRIT OF ATTACHMENT, AND REQUEST FOR INSPECTION**

    The application of plaintiff TDX Power Services, LLC ("TDX") for a writ of pre-judgment attachment, or in the alternative, for inspection, came on for hearing before this court on February 6, 2013.  Plaintiff appeared by its counsel Mitchell Greenberg, and defendant Louis Rigaud appeared by his counsel Donald McMillan.  Defendant Wells Fargo Bank, which was previously dismissed from the case, did not appear.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the application for writ of attachment, and GRANTS the request for an inspection in part and DENIES it in part, as follows and for the reasons stated at the hearing.

    At the hearing, the parties requested an immediate referral to the court's ADR program, so that they could work towards a "business solution" of their dispute, with the assistance of a mediator.  The court made the referral, and the ADR Clerk filed a notice on February 7, 2013 appointing a mediator.

    In light of all of the factual disputes surrounding the oral modifications of the terms of the contract, the court finds that plaintiff has not established that it is more likely than not

that it will obtain a judgment against the defendant on the breach of contract claim. Additionally, given the parties' agreement to work towards a business solution, the court DENIES the application for the writ of attachment.

As for the inspection, the court finds that while TDX is entitled to an inspection to determine whether the turbines are in fact located at defendant's premises, the inspection previously demanded by TDX was excessive in scope and therefore unreasonable at this stage of the process. The court thus GRANTS leave for a one-hour inspection (in line with TDX's prior inspections), but DENIES the request for the six-to-seven-hour inspection demanded by TDX. The inspection ordered by this ruling also supercedes any inspection requested by TDX to date pursuant to Federal Rule of Civil Procedure 34.

**IT IS SO ORDERED.**

Dated:  February 8, 2013

PHYLLIS J. HAMILTON
United States District Judge

2